UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80257-RLR

FABIENNE ULYSSE-OTTEY,

    Plaintiff,

v.

AXIOM LAW,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. DE 9. The Court has reviewed the Motion, Plaintiff's Response [DE 11], Defendant's Reply [DE 12], and the record and is otherwise fully advised in the premises. For the reasons below, the Motion to Dismiss is **GRANTED** as more fully set forth in this order.

### I.    BACKGROUND

Plaintiff Fabienne Ulysse-Ottey's factual allegations are as follows. Defendant Axiom Law is a legal services company. DE 1 ¶ 5. Plaintiff is a Black woman who was employed as a paralegal consultant for Defendant from January 4, 2022, to December 13, 2024. *Id.* ¶¶ 4, 6.

On September 19, 2024, Plaintiff "reported complaints regarding Attorney Jeffrey Berman's conduct" to Plaintiff's supervising attorney, Jeffrey Harris. *Id.* ¶ 8. Instead of addressing Plaintiff's complaints, Harris reported Plaintiff to Defendant's talent manager and prematurely ended her engagement that same day, citing productivity issues as pretext. *Id.* ¶ 9. Plaintiff began a new client engagement but found that she was locked out of the work system without explanation. *Id.* ¶¶ 11–13.

On December 13, 2024, Plaintiff was abruptly terminated following a two-minute Zoom meeting, where Defendant falsely claimed that Plaintiff's performance had not met expectations. *Id.* ¶ 13. Defendant refused to investigate Plaintiff's claims of discrimination and did not provide any substantial justification for Plaintiff's termination. *Id.* ¶ 16.

Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on January 28, 2025. *Id.* ¶ 3. On February 24, 2025, Plaintiff sued Defendant for (I) race and sex discrimination by way of disparate treatment under Title VII; (II) retaliation under Title VII; and (III) race discrimination in violation of 42 U.S.C. § 1981. *Id.* ¶¶ 19–32. Defendant moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). DE 9.

## II.   STANDARD OF REVIEW

A court may grant a motion to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted

unlawfully"). A court ruling on a motion to dismiss a complaint accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017).

The Court employs "less stringent standards" in assessing *pro se* pleadings. *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008) (quoting *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976)). However, the Court may not act as counsel for a party or rewrite deficient pleadings, and *pro se* litigants must still adhere to well-established pleading standards. *See id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III.     ANALYSIS

Defendants argue in their Motion to Dismiss that Plaintiff has failed to sufficiently plead any of her claims. DE 9 at 1. The Court addresses each count in turn.

**A.     Count I – Race and Sex Discrimination Under Title VII**

Plaintiff's first count alleges that "Defendant subjected Plaintiff to disparate treatment based on her race and sex by terminating her employment while retaining less qualified employees of different races and genders." DE 1 ¶ 20. To establish a *prima facie* case of Title VII discrimination, Plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to some adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

The Court first addresses Defendant's argument that Plaintiff's claim for sex discrimination must be dismissed for failure to exhaust administrative remedies. DE 9 at 7. Because courts are

"extremely reluctant to allow procedural technicalities to bar [Title VII] claims," courts will allow a claim to proceed if it "can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotations omitted). "For example, where a plaintiff's charge only marked the spaces for gender and race discrimination and left the retaliation space blank, the court allowed the retaliation claim because it was inextricably intertwined with her race and sex discrimination claims." *Tompkins v. Cuts By Us, Inc.*, No. 5:17-CV-01679-AKK, 2018 WL 11512218, at *2 (N.D. Ala. Aug. 2, 2018) (quoting *Gregory*, 355 F.3d at 1280) (quotation marks and alterations omitted).

Here, Plaintiff has marked only the boxes for discrimination based on national origin, race, and retaliation in her EEOC charge, which Defendant attached to its Motion to Dismiss. DE 9-1 at 1. In the particulars of her charge, however, Plaintiff states that she is "a qualified Female Non-Hispanic Black individual." *Id.* The particulars of Plaintiff's charge therefore speak to Plaintiff's membership in protected classes based on not only her race and national origin, but also her sex. *Id.* Therefore, the scope of an EEOC investigation into the particulars of Plaintiff's charge—which allege "discrimination in the form of harassment, retaliation, [and] different terms and conditions of employment"—could reasonably include sex discrimination. The Court thus declines to dismiss Plaintiff's sex discrimination claim based on failure to exhaust administrative remedies.

That said, the Court agrees with Defendant's primary argument that Plaintiff has failed to adequately plead her Title VII race and sex discrimination claims. Although Plaintiff has alleged that she is a member of a protected class who was qualified for her position and suffered an adverse employment action, Plaintiff's factual allegations do not sufficiently—or, at least, clearly—connect the adverse employment action to her protected class. Plaintiff's Complaint offers few

4

factual details. As pled, Plaintiff alleges that she "reported complaints" regarding an attorney's "conduct"; that Plaintiff was then removed from her client engagement; and that eventually Plaintiff was terminated, which Defendant "falsely claimed" was because Plaintiff "had not met expectations." DE 1 ¶¶ 8–14.

The Complaint does not specify the substance of Plaintiff's initial complaints regarding the attorney's conduct. And aside from Plaintiff's conclusory allegation that her termination "was a pretext for discrimination based on her race and sex," the factual allegations do not sufficiently suggest that Defendant's decision to terminate Plaintiff was based on Plaintiff's membership in a protected class.[1] DE 1 ¶ 15; *Diverse Power, Inc. v. City of LaGrange*, 934 F.3d 1270, 1273 (11th Cir. 2019) (holding that the court need not accept legal conclusions couched as factual allegations).

Due to the lack of specific detail in Plaintiff's allegations, it is difficult for the Court to grasp what exactly happened to Plaintiff, let alone assess the viability of Plaintiff's race and sex discrimination claim. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268 at 1271 (11th Cir.), *rev'd on other grounds*, 314 F.3d 541 (2002) (observing that "unsupported conclusions of law or mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6)"). Count I is therefore dismissed without prejudice.

**B.      Count III – Race Discrimination Under 42 U.S.C. § 1981**

Plaintiff further alleges that "Defendant's actions, including premature termination and unequal treatment, were motivated by Plaintiff's race in violation of 42 U.S.C. § 1981." DE 1 ¶ 29.

---

[1] Plaintiff also alleges that a "Latina woman," a potential comparator, was treated more favorably than Plaintiff. DE 1 ¶ 15; *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1217 (11th Cir. 2019) (describing the role of comparators in the *McDonnell Douglas* burden-shifting framework). Because pleading a comparator is not necessary at this stage, *see id.*, the Court does not reach Defendant's arguments on the sufficiency of Plaintiff's proposed comparator. *See* DE 12 at 3; *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (holding that the *McDonnell Douglas* framework is "the wrong legal standard" to apply at the pleading stage).

"The elements of a claim for race discrimination under § 1981 are the same as a Title VII disparate treatment claim in the employment context." *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 843 n.11 (11th Cir. 2000) (alterations added) (citation omitted). The Court therefore dismisses without prejudice Plaintiff's § 1981 race discrimination claim for the same reason that the Court dismissed Plaintiff's Title VII discrimination claim.[2] Part III.A.

C. **Count II – Retaliation Under Title VII**

Plaintiff also alleges that Defendant retaliated against Plaintiff in violation of Title VII. DE 1 ¶¶ 25–26. An employee establishes a *prima facie* case of retaliation under Title VII by demonstrating that (1) the employee was engaged in statutorily protected activity, (2) the employee suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1310 (11th Cir. 2016).

Under Count II, Plaintiff alleges that she "engaged in protected activity by reporting discriminatory treatment" through "a verbal complaint regarding unfair treatment." *Id.* ¶¶ 24–25. And Plaintiff's EEOC Charge of Discrimination does state that she complained that "a co-worker was subjecting [her] to harassment in the workplace." DE 9-1 at 1.

Plaintiff's supporting factual allegations in her Complaint, however, are sparse. Plaintiff alleges that "[o]n September 19, 2024, Plaintiff reported complaints regarding Attorney Jeffrey Berman's conduct to her supervising attorney, Jeffrey Harris." DE 1 ¶ 8. Plaintiff does not detail

---

[2] Defendant also argues that Plaintiff's § 1981 claim should be dismissed because Plaintiff pleads that Defendant's actions were "*motivated by* Plaintiff's race," rather than pleading that *but-for* her race, Plaintiff would not have been treated unequally or terminated. DE 9 at 9; DE 1 ¶ 29 (emphasis added). Defendant is correct that "[t]o prevail, a plaintiff must initially plead and ultimately prove that, *but for* race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020) (emphasis added). But the Court liberally construes Plaintiff's *pro se* Complaint and declines to dismiss Plaintiff's § 1981 claim on this basis. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the substance of the "verbal complaint" she made, nor the "discriminatory" and "unfair treatment" about which she complained. The Court is therefore unable to ascertain whether Plaintiff's complaints concerned discrimination, harassment, or bias *based on a protected characteristic*—that is, whether Plaintiff's complaints constituted statutorily protected activity under Title VII. *See Small v. City of Hollywood*, 661 F. Supp. 3d 1187, 1205 (S.D. Fla. 2023) (citing *Furcron*, 843 F.3d at 1311) ("An employee claiming to have engaged in protected activity, however, must have communicated the employee's belief that the employer was engaged in discrimination.").

Because Plaintiff has not pled sufficient factual bases to establish an element of her claim—that she engaged in statutorily protected activity—Plaintiff's claim is dismissed without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss is **GRANTED**.

2. Plaintiff's claims are **DISMISSED** with leave to amend.

3. Plaintiff shall file any amended complaint no later than June 9, 2025. Plaintiff's amended complaint shall include numbering for each of her factual allegations.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of May, 2025.

                                                                                                    _____
                                                                                                    ROBIN L. ROSENBERG
                                                                                                    UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

7